This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 129
The People &c.,
           Appellant,
         v.
Dru Allard,
           Respondent.



           Thomas M. Ross, for appellant.
           Joshua M. Levine, for respondent.






GARCIA, J.:

           Defendant Dru Allard moved to dismiss the indictment

pursuant to CPL 30.30 on the ground that he was denied his

statutory right to a speedy trial.  Among other things, defendant

alleged that the People should be charged with the 97-day period

between Supreme Court's dismissal of all felony counts in the

- 1 -

indictment, and the People's service of a new indictment. Defendant argued that "[t]he absence of a valid indictment during this period . . . directly impaired the People's ability to proceed to trial and as such must be charged." Defendant's moving papers requested summary dismissal of the indictment or that "a hearing be held to determine the facts."

In opposition, the People argued, among other things, that 32 of those 97 days were excludable as "delay occasioned by exceptional circumstances" under CPL 30.30(4)(g) because "the complaining witness was on vacation in Egypt and beyond the control of the People," and the People could not re-present the case to the grand jury until his return. Defendant did not file reply papers.

Supreme Court denied defendant's motion without a hearing. Defendant appealed and, in response, the People claimed that defendant's CPL 30.30 arguments were unpreserved.

The Appellate Division remitted to Supreme Court for a hearing on the motion, holding the appeal in abeyance in the interim (113 AD3d 624 [2d Dept 2014]). The court held that, "[c]ontrary to the People's contention, the defendant's claim that the summary denial was error is properly preserved for appellate review" (id. at 625). The Appellate Division also determined that defendant was entitled to a hearing pursuant to CPL 210.45(5) because the People failed, as required by the statute, to conclusively refute defendant's motion with

"unquestionable documentary proof" (id. at 626 [citation and quotation marks omitted]).

Supreme Court thereafter conducted a hearing on defendant's CPL 30.30 motion.  The People presented testimony from the complaining witness -- now returned from vacation -- and a former Assistant District Attorney previously assigned to defendant's case.  Defense counsel cross-examined each witness, eliciting testimony regarding the circumstances surrounding the complainant's travel abroad and the People's efforts to secure his testimony in advance of his departure.  After the hearing, both parties filed post-hearing submissions.  Defendant argued, among other things, that the People failed to make the requisite showing of "due diligence" required to invoke CPL 30.30(4)(g).

Supreme Court held that "the People failed to conclusively demonstrate that they attempted with due diligence to make the complainant available."  Finding that the 32 days "while the complainant was unavailable to testify should be charged to the People," Supreme Court concluded that the People exceeded their six-month speedy trial period.  The Appellate Division agreed, granting defendant's CPL 30.30 motion to dismiss the indictment (128 AD3d 1081 [2d Dept 2015]).  A Judge of this Court granted leave to appeal (26 NY3d 965 [2015]), and we now affirm.

On appeal, the People do not challenge the merits of defendant's CPL 30.30 claim.  Rather, the People contend that the

Appellate Division erred in concluding that defendant's claim was "properly preserved for appellate review" (113 AD3d at 625) because defendant failed to comply with this Court's "well established" procedure for preserving an argument in a CPL 30.30 motion (People v Beasley, 16 NY3d 289, 292 [2011]).  Pursuant to that procedure, a defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period (People v Goode, 87 NY2d 1045, 1047 [1996]).  The People, in opposition, "must ordinarily identify the exclusions on which they intend to rely" (People v Luperon, 85 NY2d 71, 78 [1995]).  A defendant "preserves challenges to the People's reliance on those exclusions for appellate review by identifying any legal or factual impediments to the use of those exclusions" (Goode, 87 NY2d at 1047).  The parties do not dispute that, in this case, defendant did not file a reply identifying any "legal or factual impediments" to the People's proffered exclusions.

Invoking CPL 210.45, defendant contends that he was not required to challenge the People's claimed exclusions in a reply because he was statutorily entitled to a hearing.  Specifically, pursuant to CPL 210.45, once "all papers of both parties have been filed," including any "documentary evidence," the motion court must determine "whether the motion is determinable without a hearing to resolve questions of fact" (CPL 210.45[3]).  The court may deny the motion without a hearing only if, as relevant

here, the People have "conclusively refuted" an allegation of fact essential to support the motion "by unquestionable documentary proof" (CPL 210.45[5][c]).

In this appeal, the parties ask us to reconcile their perceived tension between CPL 210.45 and our established procedure for preserving a statutory speedy trial argument. In essence, the People argue that, because defendant did not reply, defendant failed to preserve his CPL 30.30 arguments, including his request for a hearing, for appellate review. But such a rigid interpretation of our established procedure is not mandated by our case law, nor is it consistent with this Court's functional approach to preservation.

Our cases applying the "basic rules of preservation" in the context of CPL 30.30 motions do not purport to affect the governing procedural rules mandated by statute (Luperon, 85 NY2d at 78). Indeed, CPL 210.45 furnishes the general procedure applicable to *all* motions to dismiss an indictment -- including, among others, motions based on defective grand jury proceedings, untimely prosecutions, a defendant's immunity, and CPL 30.30 grounds (CPL 210.20[1]). Accordingly, pursuant to CPL 210.45, unless the People's opposition "conclusively refuted" defendant's motion "by unquestionable documentary proof," Supreme Court could not deny the motion without conducting a hearing (CPL 210.45[5][c]). Here, while the People's opposition sufficiently demonstrated "that there [wa]s a factual dispute which must be

resolved at a hearing" (People v Gruden, 42 NY2d 214, 217 [1977]), it was inadequate to warrant summary denial of the motion. As such, defendant was entitled to the hearing he requested in his moving papers (CPL 210.45[5][c]).

Our case law setting forth the procedure for preserving a CPL 30.30 argument is consistent with this application of CPL 210.45. Pursuant to CPL 470.05(2), to present a preserved "question of law," a party claiming error must raise their challenge "at the time of" the trial court's ruling, or "at any subsequent time when the [trial] court had an opportunity of effectively changing the same" (CPL 470.05[2]). To that end, our case law establishes that, where nothing in the record "would have alerted the trial court" to a defendant's CPL 30.30 claims, those claims are unpreserved for appellate review (Beasley, 16 NY3d at 292). A defendant's challenges to the People's claimed exclusions may be raised in a reply filing or, alternatively, they may be raised at a hearing on the motion, if one is held. By raising challenges to the People's claimed exclusions in a reply or during a CPL 30.30 hearing, a defendant adequately brings his claims "to the attention of the trial court at a time and in a way that g[i]ve[s] the [trial court] the opportunity to remedy the problem and thereby avert reversible error" (Luperon, 85 NY2d at 78; see also CPL 470.05[2]).[1]

---

[1] We recognize that, if a defendant waits until the hearing to identify the legal and factual impediments to the People's claimed exclusions, the People may be required to present proof

In the absence of a hearing, a defendant's substantive CPL 30.30 arguments will be unpreserved where the defendant failed to otherwise raise them, for instance, "in his initial submission or in a reply" (Beasley, 16 NY3d at 292-293). Accordingly, a defendant would be well-advised to raise any CPL 30.30 arguments in a reply so as to ensure their preservation. For instance, where a defendant mistakenly believes that the People failed to "conclusively refute[]" his motion (CPL 210.45[5][c]) -- and therefore opts not to reply -- the defendant risks summary denial of his motion, leaving him with an unsuccessful and unpreserved claim. However, a defendant's failure to reply is not fatal to his claim where, as here, the defendant properly requests and receives a hearing and, at that hearing, his arguments are raised and developed (People v Jones, 21 NY3d 449, 454 [2013]).

In this case, defendant adequately preserved his challenges to the People's claimed exclusions, and the merits of defendant's motion are not challenged here. Accordingly, the order of the Appellate Division should be affirmed.

---

regarding every exclusion, resulting in needlessly lengthy hearings. However, hearing courts can address this potential issue by, for instance, holding a pre-hearing conference to narrow the scope of the hearing or directing the defendant to notify the People, in advance of the hearing, of the periods he intends to challenge. Of course, only those periods for which the People have not provided "unquestionable documentary proof" -- for example, a transcript or letter evidencing defendant's consent -- need be addressed at any hearing.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed.  Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided October 20, 2016