People v Duran (2024 NY Slip Op 24120)

[*1]

People v Duran

2024 NY Slip Op 24120

Decided on April 16, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 16, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Ramon Duran, Defendant.

Docket No. CR-016299-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jennifer Rentrope)
For the Defendant:
The Legal Aid Society
(by: Laura Weiner, Esq.)

Yadhira González-Taylor, J.

On January 24, 2024, defendant moved for an order deeming the prosecution's Certificate of Compliance ("CoC") invalid pursuant to Criminal Procedure Law ("CPL") § 245.50 (1) and further dismissing the accusatory instrument on speedy trial grounds pursuant to CPL §§ 30.30 and 170.30 (1) (e). The People opposed the motion on March 5, 2024, and defendant filed a reply on March 11, 2024.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court DENIES defendant's motion, and further holds that:
Consideration of a remedy or sanction imposed pursuant to CPL § 245.80 (1) (b) and (2) which is appropriate and proportionate to the prejudice demonstrated by the defense for the non-disclosure of simulator solution Lot numbers 21410 and 22220 be REFERRED to the trial court; and
Defendant's application seeking the right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
The Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
 RELEVANT PROCEDURAL BACKGROUND
On July 26, 2023, defendant Ramon Duran was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (3) (driving while intoxicated) and 1192 (2) (driving while intoxicated per se), both misdemeanors, and 1192 (1) (driving while impaired), a violation. Defendant was arraigned on July 26, 2023, and released on his own recognizance.
On October 15, 2023, the People filed their CoC and statement of readiness ("SoR"). The prosecution supplemented their CoC on December 22, 2023, January 4, 2024, and February 28, 2024. At a discovery compliance conference held on December 22, 2023, the Court deemed audit trails for body-worn camera ("BWC") footage discoverable and ordered the People to produce them [*2]within one week, and defense counsel requested a motion schedule to challenge the validity of the People's CoC based upon belated compliance and the prosecution's failure to disclose gas chromatography simulator solution reports for Lot numbers 21410 and 22220.

 DISCUSSION
I. The Parties' Arguments
Defense counsel avers that the People's CoC should be deemed invalid because of their belated disclosure, including seven certification and gas chromatography simulator solution reports for Lot numbers 20030, 20060, 20070, 21070, 21340, 21420 and 21390, and because reports for Lot numbers 21420 and 22220 were not disclosed (affirmation of defendant's counsel at 6). Defendant further argues that belated disclosure of audit trails and Giglio materials pertaining to Sergeant Ivan Kolovic, and belated confirmation that an NYPD Argus traffic surveillance ("Argus") video had been deleted, months after the CoC filing, demonstrated the People's lack of due diligence in the discharge of their CPL § 245.20 mandate (affirmation of defendant's counsel at 7). Defendant asserts that the prosecution's CoC was illusory, and that if charged with the period of their non-compliance, the People could not validly declare trial readiness within their statutorily allotted time (affirmation of defendant's counsel at 17-24). Defendant's reply brief reiterates the arguments for dismissal and further maintains, in response to the prosecution's argument that defendant failed to timely raise purported discovery deficiencies, that counsel alerted the People to the deficiencies as soon as practicable (reply affirmation of defendant's counsel at 10). 
Initially, the People assert that on December 14, 2023, they disclosed Giglio materials for Sergeant Kolovic and additional Lot number reports which they mistakenly believed had already been appended to their initial disclosures served on defendant's prior counsel (affirmation in opposition at 6). The assigned ADA attributes the belated disclosure of reports for Lot numbers 19010, 19050, 19080, 20030, 20060, 20070, 21070, 21340, 21420 and 21390 to inadvertence partly occasioned by the substitution of new defense counsel, and further avers that the majority of the Lot reports, despite being unrelated to the subject matter of this case, were disclosed because the People were able to access them once NYPD elected to purchase them (affirmation in opposition at 7).
The prosecution maintains that reports for Lot numbers are obtained from third-party vendors CMI, Inc. and Guth Laboratories, Inc., the Intoxilyzer 9000 manufacturer and simulator solution supplier, respectively, and thus assert that these reports are not within the People's custody and control (affirmation in opposition at 12). The assigned ADA states that she contacted the District Attorney's Bronx Vehicular Crimes Unit, assigned to liaise with the NYPD concerning these matters, and was advised that the NYPD did not purchase reports for Lot numbers 21410 and 22220 (affirmation in opposition at 18). Additionally, the People state that their disclosure of accessible cell phone video depicting the Argus video from the arresting officer was made in good faith and they assert that by the time newly assigned defense counsel demanded the Argus video itself, several weeks after the CoC filing, it had already been deleted (affirmation in opposition at 25-26).
The People further argue that their belated disclosure of audit trails was based upon a good faith belief, given the disagreement among courts of concomitant jurisdiction, that audit trails are not discoverable, and they cite to this Court's holding in People v Vargas, 78 Misc 3d 1235[A], 2023 NY Slip Op 50425[U], *4-5 [Crim Ct, Bronx County 2023] in support of that assertion (affirmation in opposition at 28-34).
II. Applicable Standard for CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the [*3]prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]; People v Georgiopoulous, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *6 [Sup Ct, Queens County 2021]; People v Valdez, 80 Misc 3d 544, 547 [Crim Ct, Kings County 2023]).
Lastly, the Court of Appeals has now addressed the issue of how trial courts can evaluate prosecutorial due diligence in People v Bay, — NE3d —, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *2 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
III. The Court's Analysis
As a threshold matter, in this Court's estimation, the record at bar fails to demonstrate that the belated disclosure of audit trails, underlying documents for IAB materials concerning Sergeant Kolovic and the Argus video warrants the invalidation of the CoC based upon a lack of due diligence in accordance with Bay (see Bay, 2023 NY Slip Op 06407, *2).
Audit Trails
While we find some merit to the People's argument that the discoverability of audit trails is unsettled, in People v Rollerson, this Court reevaluated its prior determination that audit trails were of limited probative value to the defense and concluded instead that device audit trails, which are maintained by the NYPD's BWC video management system, track every permutation involved in the BWC recording and, thus, were "more expansive than metadata that [merely] tracks the creation or revision of a document" (compare Rollerson, 82 Misc 3d 1212[A], 2024 NY Slip Op 50291[U], *4 [Crim Ct, Bronx County 2024] [internal citations omitted] citing the New York City Police Department Patrol Guide Procedure No. 212-123, ¶ 16 and § Additional Data, Operational Considerations, respectively; People v Torres, 79 Misc 3d 1204[A], 2023 NY Slip Op 50532[U], *3 [Crim Court, Queens County 2023] ["The audit logs are PDFs that detail the police's actions on a video file throughout its entire life"]), with People v Vargas, 78 Misc 3d 1235[A], 2023 NY Slip Op 50425[U], *8). 
Accordingly, "although the words audit trail do not appear in the statute, a device audit trail is nonetheless a police report subject to mandatory disclosure pursuant to CPL § 245.20 (1) (e) (see Rollerson, 2024 NY Slip Op 50291[U], *4 [internal citations omitted]). The record at bar demonstrates that the People disclosed the subject audit trails on January 4, 2024, and although more than a week following the December 22, 2023, conference, still timely compliance with the Court's directive considering the intervening holidays.
Underlying IAB documents for Sergeant Kolovic
The People's October 15, 2023 CoC filing includes underlying Giglio documents related to a CCRB complaint against Sergeant Kolovic. Although the assigned ADA's explanation for not also including underlying records pertaining to his IAB complaint is somewhat convoluted - a verbatim [*4]itemization of CoC attachments based upon documents that were transferred via OneDrive which transmission inadvertently omitted the IAB records - the Court is nevertheless satisfied that when defendant's successor counsel raised the issue on or about November 28, 2023, the People endeavored to comply on three separate occasions: December 6, 14 and 15, 2023, before the IAB materials were successfully uploaded. 
Argus Video
Criminal Procedure Law CPL § 245.20 (1) (g) provides, in pertinent part, that:
All tapes or other electronic recordings, including all electronic recordings of 911 telephone calls made or received in connection with the alleged criminal incident, and a designation by the prosecutor as to which of the recordings under this paragraph the prosecution intends to introduce at trial or a pre-trial hearing.
(see CPL § 245.20 [1][g] [emphasis added]).
However, CPL § 245.20 (1) (g) does not impose a duty that the People disclose the original recording rather than a copy. Here, defense counsel contends that the cell phone video of the Argus surveillance video taken by the arresting officer is "unclear" and, further, that the prosecution had a statutory duty to disclose the actual Argus traffic surveillance video or explain in a supplemental CoC the circumstances which caused it to be deleted.
The record demonstrates that newly assigned defense counsel inquired about the original Argus video on or about November 28, 2023, several weeks after the People's initial certification. As noted in People v Lanfair, defense counsel has a statutory obligation to alert the prosecution of any discovery deficiency as soon as practicable (see Lanfair, 78 Misc 3d 371, 374-375 [City Court, Albany County 2023] [In the absence of Legislative guidance defining "as soon as practicable," suggested factors to consider for determining the timeliness of a CoC challenge may include "the length of the delay; whether the violation is obvious, and susceptible to easy detection, or obscure, and more likely to escape notice; whether there is evidence that the defense knew or should have known of the error"] [internal citations omitted]; see also CPL § 245.50[4][b]).
There is no specific allegation at bar that the cell phone video is inscrutable because the audio and/or the video cannot be discerned. Moreover, it should have been readily apparent to defendant's prior counsel that the People had not provided the original Argus video with their CoC filing and given the potential of erasure, time was of the essence for asserting this demand. Unlike the Lanfair prosecution, which survived a belated CoC challenge based upon police stationhouse video which was initially withheld, the People did not claim that the Argus video was not discoverable, and they endeavored to obtain the original but were advised by the arresting officer that it was no longer retained. These circumstances do not evince a lack of prosecutorial due diligence.
Gas Chromatography Simulator Solution Reports
The gravamen of defendant's CoC challenge is the People's failure to disclose simulator solution reports for Lots numbers 21410 and 22220. CPL § 245.20 (1) (s) provides, in pertinent part, that:
In any prosecution alleging a violation of the vehicle and traffic law, where the defendant is charged by indictment, superior court information, prosecutor's information, information, or simplified information, all records of calibration, certification, inspection, repair or maintenance of machines and instruments utilized to perform any scientific tests and experiments, including but not limited to any test of a person's breath, blood, urine or saliva, for the period of six months prior and six months after such test was conducted, including [*5]the records of gas chromatography related to the certification of all reference standards and the certification certificate, if any, held by the operator of the machine or instrument.
(see CPL § 245.20 [1][s] [emphasis added]).
We respectfully disagree with the holding in People v Colon, cited by the prosecution for the proposition that simulator solution reporting by CMI, Inc. and Guth Laboratories, Inc., privately-owned companies located in Kentucky and Pennsylvania, respectively, are not within the People's custody and control pursuant to CPL § 245.20 (1)(s) (see Colon, 80 Misc 3d 1219[A], 2023 NY Slip Op 51035[U], *8-9 [Crim Ct, New York County 2023] citing People v Robinson, 53 AD3d 63, 73 [2d Dept 2008]["(T)he People do not own or control any portion of the source [program] code, and therefore [ ] never possessed it"] [internal citations omitted]).
In Robinson, although defense counsel argued that the program code installed within the Intoxilyzer machine was subject to disclosure, the Second Department saw a bright line for determining the issue of custody or control where the manufacturer of the Intoxilyzer machine owned and copyrighted the program code and the defendant "did not present evidence which established that the version of the source code that is stored on the Intoxilyzer's EPROMs [program code] can be downloaded into an intelligible language which a defense expert could actually read," nor demonstrate "that the EPROMs could be removed from the machine without completely dismantling the machine and adversely affecting its future operability" (see Robinson at 73 [Defendant's request held to be "similar to judicially-thwarted attempts by other defendants to compel disclosure of breathalyzer training manuals, operating manuals, and internal police operating regulations"]). However, the Legislative reforms that animate CPL § 245.20 (1) (s) are unambiguous and the disclosure mandate more expansive than what informed the Robinson decision.[FN1]

Simulator solution reports, which the prosecution must disclose in furtherance of their investigation and prosecution of vehicle and traffic violations involving innumerable defendants, have none of the attendant intellectual property or logistical issues presented by the program source codes discussed in People v Robinson. Consequently, it is respectfully submitted that the People cannot credibly argue that discoverability of this reporting should be conditioned upon whether the NYPD elects to purchase individual Lot numbers where the NYPD has agency, authority, and a legal right to obtain analytics for the Intoxilyzer machines they employ.
This Court credits the assigned ADA's representation that the NYPD did not purchase Lot numbers 21410 and 22220. However, insofar as these missing Lot numbers should have been obtained by a law enforcement agency under the prosecution's direction and control and given their utility to this prosecution and undoubtedly others, we respectfully suggest to the trial court that a remedy or sanction pursuant to CPL § 245.80 (1) (b) and (2) be imposed which is appropriate and proportionate to the prejudice demonstrated by the defense.
However, we decline to find that the People, who were otherwise responsive to defendant's entreaties for gas chromatography and simulator solution reports, failed to exercise due diligence in the discharge of their disclosure mandate.
IV. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has [*6]the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1][b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). 
Here, the People's 30.30 calculation commenced on July 27, 2023, the day following defendant's arraignment. The People's CoC tolled their speedy-trial time (July 27, 2023, to October 15, 2023 = 80 days). Thus, the People validly declared trial readiness within their statutorily prescribed time (see CPL §§ 30.30 [1][b]) and [4]).
Accordingly, defendant's motion to dismiss the accusatory instrument is denied and there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016]. 

CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to deem the CoC invalid and to dismiss the accusatory instrument for failure to timely prosecute, and further holds that:
Defendant's application seeking the right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
Consideration of a remedy or sanction imposed pursuant to CPL § 245.80 (1) (b) and (2) which is appropriate and proportionate to the prejudice demonstrated by the defense for the non-disclosure of simulator solution Lot numbers 21410 and 22220 is respectfully REFERRED to the trial court; and
This constitutes the opinion, decision, and the order of the Court.
Dated: April 16, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:The admissibility of calibration reports was not in contention and the Robinson court noted that these records had been entered into evidence at trial (Robinson, 53 AD3d at 72).