People v Delapaz (2024 NY Slip Op 50486(U))

[*1]

People v Delapaz

2024 NY Slip Op 50486(U)

Decided on April 24, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 24, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Carmen Delapaz, Defendant.

Docket No. CR-013417-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA La Shuana R. Cole)
For the Defendant:
The Bronx Defenders
(by: Shanisha Forbes, Esq.)

Yadhira González-Taylor, J.

On January 25, 2024, defendant moved for an order deeming the prosecution's Certificate of Compliance ("CoC") invalid pursuant to Criminal Procedure Law ("CPL") §§ 245.20 and 245.50 (1) and further dismissing the accusatory instrument on speedy trial grounds pursuant to CPL §§ 30.30 and 170.30 (1) (e). The People opposed the motion on March 8, 2024, and defendant filed a reply on March 22, 2024.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court DENIES defendant's motion to dismiss the accusatory instrument, and further holds that:
The People's CoC, served and filed on July 24, 2023, is valid; and
The People are DIRECTED to serve a supplemental CoC confirming that all reasonable inquiries of all persons charged with investigating Det. Estrada's DWI conviction have been made, and such favorable evidence or information has been disclosed, if it exists, within 10 days of this Decision and Order pursuant to CPL §§ 245.35 (3) and 245.20 (1) (k); and
Defendant is DIRECTED to file a CoC pursuant to CPL §245.50 (2) within two weeks of this Decision and Order; and
The Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
RELEVANT PROCEDURAL BACKGROUND
On June 4, 2023, defendant Carmen Delapaz was arrested and charged with violating Penal Law ("PL") §§ 120.14 (1) (menacing in the second degree), 120.00 (1) (assault in the third degree), 265.01 (2) (criminal possession of a weapon in the fourth degree) and 120.15 (menacing in the third degree), all misdemeanors, and 240.26 (1) (harassment in the second degree), a violation. Defendant was issued a Desk Appearance Ticket and directed to return to court on [*2]June 25, 2023, at which time she was arraigned and released on her own recognizance.[FN1]

On July 24, 2023, the People filed their CoC and statement of readiness ("SoR"). The prosecution supplemented their CoC on August 21, 2023, when they disclosed body-worn camera footage ("BWC") and an activity log for PO Kyle O'Leary and underlying Giglio records pertaining to Det. Estrada, the arresting officer. On August 28, 2023, the prosecution supplemented their CoC ("SCoC")for BWC and memobook entry disclosures related to co-defendant Bianca Delapaz, including for PO Jennifer Fontana, who purportedly questioned the complaining witness ("CW") against both defendants. On September 12, 2023, the prosecution filed a second SCoC after the disclosure of unredacted CCRB materials concerning PO Estrada. On September 21, 2023, the People served their third SCoC for disclosure of four underlying IAB logs concerning Det. Estrada which had not been included with their CoC filing. On October 20, 2023, the People served their fourth SCoC for disclosures including Giglio materials concerning Det. Estrada's DWI conviction.
At a discovery conference scheduled before the Honorable Eugene Bowen on November 9, 2023, the court directed the People to disclose unredacted IAB logs, specifically referencing the contact information for the complainant against Det. Estrada. The court noted that the People had already fulfilled their obligation to disclose CCRB files that were already in their possession and directed the prosecution to reshare materials related to Det. Estrada's DWI conviction, which the assigned ADA asserted had already been shared via OneDrive; however, defense counsel contended that, aside from a single video, the People had not provided any further evidence related to Det. Estrada's DWI conviction.
Lastly, Judge Bowen advised the parties that he would give the People one week of excludable time to procure the unredacted IAB materials. After the parties executed a Protective Order, the prosecution disclosed the unredacted records on November 29, 2023. At the discovery conference before this Court on December 12, 2023, defense counsel reiterated their position that disclosures pertaining to Det. Estrada's DWI conviction had not been disclosed, and the instant motion schedule was set.
DISCUSSION
I. The Parties' Arguments
Defense counsel avers that the People's CoC should be deemed invalid because the following items were not disclosed prior to certification: BWC footage; PO Fontana's activity log; Det. Estrada's IAB logs; and all NYPD documents concerning Det. Estrada's DWI conviction (memorandum of law of defendant's counsel at § I). Defendant further argues that one missing item from discovery can warrant invalidation of the People's CoC, whether by mistake or inadvertence (memorandum of law of defendant's counsel at § IV). Defense counsel maintains that supplemental filings cannot cure CoC deficiencies where the parties' continuing duty to disclose pursuant to CPL § 245.60 concerns information or materials unknown at the time of a discovery obligation or order (memorandum of law of defendant's counsel at §§ IV, V).Lastly, defendant asserts that the prosecution's CoC was illusory, and that if charged with the period of their non-compliance, the People could not validly declare trial readiness within their statutorily allotted time (affirmation of defendant's counsel at 28-31). Defendant's reply [*3]brief reiterates the arguments for dismissal and further asserts this Court should reject a prejudice-only standard for invalidating a CoC advanced by the People where the applicable statute establishes that a CoC should be evaluated based upon good faith and reasonableness under the circumstances (reply affirmation of defendant's counsel at § I). 
Initially, the People assert that PO Fontana was not listed among the officers to whom any statements or identifications were made concerning the subject defendant (affirmation in opposition at 2). But, post-CoC filing, when the ADA was assigned to the co-defendant's prosecution, PO Fontana's engagement with the CW for both defendants was ascertained and her BWC and memo book entries disclosed (affirmation in opposition at 2-3). The assigned ADA acknowledges that four underlying IAB logs concerning Det. Estrada were inadvertently belatedly disclosed but details her diligence to comply with Giglio disclosure generally, including consulting with the District Attorney's Discovery Compliance Bureau Unit to confirm that some logs had already been disclosed. However, they appeared differently than later iterations following a change in the NYPD's methodology of formatting logs (affirmation in opposition at 6). 
The People deny that any documentation concerning Det. Estrada's DWI conviction had been withheld and state that information concerning this incident had been originally disclosed in their pre-CoC filing Giglio Disclosure letter and supplemented in their CoC once they were provided with the Department Advocate Document ("DADS") (affirmation in opposition at 7-8). Finally, the prosecution argues that strict compliance is not statutorily mandated and that the People timely declared readiness for trial (affirmation in opposition at 9-11).
II. Applicable Standard for CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]; People v Georgiopoulous, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *6 [Sup Ct, Queens County 2021]; People v Valdez, 80 Misc 3d 544, 547 [Crim Ct, Kings County 2023]).
Lastly, the Court of Appeals has now addressed the issue of how trial courts can evaluate prosecutorial due diligence in People v Bay, — NE3d &mdash, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *2 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]). 
III. The Court's Analysis
The record at bar fails to demonstrate that the belated disclosure of PO O'Leary and PO [*4]Fontana's BWC and memobook entries warrants the invalidation of the CoC based upon a lack of due diligence in accordance with Bay (see Bay, 2023 NY Slip Op 06407, *2). The Court credits the assigned ADA's representation that upon assignment and review of the co-defendant's case, additional materials previously unknown to the prosecution were promptly disclosed with a supplemental CoC. 
The Court also credits the prosecution's representation that four IAB logs for Det. Estrada were belatedly disclosed because of inadvertence where the People, after being advised of the missing logs and having already disclosed seven underlying logs pre-CoC filing, investigated the issue and diligently supplemented their filing (see Bay, 2023 NY Slip Op 06407, *2). Concerning the belated disclosure of unredacted IAB materials for Det. Estrada, the record at bar demonstrates that following the execution of a Protective Order, said records were duly served. The court that adjudicated the compliance issues on November 9, 2023, determined that the People would be allowed to supplement their Giglio materials. Therefore, defense counsel will not be heard to complain that the belated disclosure of these unredacted files should now serve as a basis to invalidate the CoC. However, insofar as the People were accorded just one week of excludable time to comply, the prosecution should be charged for their non-compliance from November 16, 2023 to November 29, 2023.
Lastly, at the November 9, 2023, compliance conference, defense counsel acknowledged receipt of video related to the investigation of Det. Estrada's DWI and the People were directed to reshare the materials they asserted had already been disclosed with their October 20, 2023 supplemental CoC, including the criminal complaint, conviction and case summary. Additionally, appended to the opposition brief are documents which concern Det. Estrada's guilty plea. While the assigned ADA's assertion that defendant's motion does not "specify what exact documents the People failed to disclose" blithely ignores the fact that the actual DADS report was not disclosed until March 8, 2024, well after the instant motion was filed, the record at bar does not establish the defendant's claim that nothing pertaining to Det. Estrada's conviction has been disclosed.
Considered through the lens of the Bay decision, which advises courts to gauge discovery compliance, not strictly as argued by defense counsel, but on a case-specific basis, which includes factors such as "the volume of discovery, the explanation of the discovery lapse and the People's response when apprised of missing discovery," we decline to find that the People, who were otherwise responsive to defendant's entreaties for Giglio materials concerning Det. Estrada, and who endeavored to investigate whether Det. Estrada was convicted and then disclosed the records obtained to date in the October 20, 2023 SCoC filing with the court, failed to exercise due diligence in the discharge of their disclosure mandate (see Bay, 2023 NY Slip Op 06407, *2).
Accordingly, the prosecution's CoC, filed on July 24, 2023, is deemed valid.
IV. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1][b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). 
Here, the People's 30.30 calculation commenced on June 26, 2023, the day following defendant's arraignment. The People's CoC tolled their speedy-trial time (June 26, 2023, to July 24, 2023 = 29 days). At the parties' November 9, 2023, compliance conference, the People were [*5]given one week of excludable time to disclose unredacted IAB documents pertaining to Det. Estrada. However, following the execution of a Protective Order, the unredacted documents were not disclosed to defense counsel until November 29, 2023 (November 16, 2023 to November 29, 2023 = 13 days). Consequently, the prosecution is charged with 42 days in total, within the statutorily prescribed time to declare readiness for trial (see CPL §§ 30.30 [1][b]) and [4]).
CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to deem the CoC invalid and to dismiss the accusatory instrument for failure to timely prosecute, and further holds that:
The People are DIRECTED to serve a supplemental CoC confirming that all reasonable inquiries of all persons charged with investigating Det. Estrada's DWI conviction have been made, and such favorable evidence or information has been disclosed, if it exists, within 10 days of this Decision and Order pursuant to CPL §§ 245.35 (3) and 245.20 (1) (k); and
Defendant is DIRECTED to file a CoC pursuant to CPL §245.50 (2) within two weeks of this Decision and Order; and
The Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
This constitutes the opinion, decision, and the order of the Court.
Dated: April 24, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:Defendant was subsequently arraigned on the converted instrument following the filing of a superseding instrument on July 6, 2023.