People v Zapata (2024 NY Slip Op 50554(U))

[*1]

People v Zapata

2024 NY Slip Op 50554(U)

Decided on May 9, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 9, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Michael Almanzar Zapata, Defendant.

Docket No. CR-025631-23BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Sabrina Fincher)
For the Defendant: The Bronx Defenders
(by: Sara Wolovick, Esq.)

Yadhira González-Taylor, J.

By omnibus motion dated March 16, 2024, defendant Michael Almanzar Zapata moves this Court to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("CPL") §§ 30.30 (1) (b) and 170.30 (1) (e), inter alia, on the grounds that the prosecution has failed to comply with its § 245.20 (1) automatic disclosures and, thus, the People's Certificate of Compliance ("CoC"), dated February 16, 2024, should be deemed invalid, and the period of their non-compliance charged against them. Alternatively, defendant seeks an order suppressing or precluding evidence, or hearings pursuant to Huntley/Dunaway, Mapp/Dunaway/Ingle, Refusal/VTL § 1194/Dunaway/Ingle and Sandoval/Ventimiglia. On April 12, 2024, the prosecution opposed the motion, except that part seeking a Huntley pre-trial hearing. On April 30, 2024, defendant filed his reply. Upon review and consideration of the submissions, court fileand relevant legal authority, the Court:
DENIES defendant's motion to DISMISS; and
DEEMS the People's CoC, dated February 14, 2024, VALID; and
DIRECTS the People to disclose unredacted Giglio records for Police Officer ("PO") Elreda concerning IAB# 2020-13841, IAB# 2019-15255, IAB# 2023-13944 and IAB# 2021-24336 within seven (7) days of this Decision and Order; and
DIRECTS the People to disclose unredacted Giglio records for PO Dey concerning the 2023 substantiated IAB allegation, including documentation relating to command discipline within seven (7) days of this Decision and Order;
DIRECTS the People to file and serve a supplemental CoC certifying compliance with their Giglio obligations for all testifying officers pursuant to this Order contemporaneously with their disclosure; and
DENIES defendant's request for an order suppressing evidence but GRANTS defendant's request for pre-trial Huntley/Dunaway, Mapp/Dunaway/Ingle, Refusal/VTL § 1194/Dunaway/Ingle hearings; and
REFERS defendant's request for an order precluding evidence of prior bad acts and convictions, or hearings pursuant to Sandoval/Ventimiglia to the trial court; and 
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to People v Allard, 28 NY3d 41 [2016].
This constitutes the opinion, decision, and order of the Court.
RELEVANT PROCEDURAL BACKGROUND
On November 19, 2023, defendant Almanzar Zapata was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (1) (driving while impaired) and 1192 (3) (driving while intoxicated), a violation and misdemeanor, respectively, and Penal Law ("PL") § 220.03 (criminal possession in the seventh degree), a misdemeanor. Defendant was arraigned on November 20, 2023, and released on his own recognizance. 
On February 16, 2024, the People filed their CoC, which referenced the existence of body-worn camera ("BWC") footage among other items. On February 22, 2024, defense counsel requested the instant motion schedule to challenge the validity of the People's CoC based upon purported deficiencies, including redacted Giglio disclosures. 
DISCUSSION
I. Applicable Legal Standards
The CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]).
In People v Bay, the Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence (see Bay, — NE3d &mdash, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *2 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one [*2]of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Consequently, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay, 2023 NY Slip Op 06407, *2).
II. The Parties' Arguments
Defense counsel asserts that the People disclosed heavily redacted Giglio for PO Elreda, failed to disclose IAB records pertaining to a substantiated CCRB complaint against PO Dey, which CCRB summary was also redacted, and failed to disclose disciplinary documentation relating to a 2023 substantiated IAB allegation against PO Podran (affirmation of defendant's counsel at 6). Counsel contends that BWC footage was belatedly disclosed because of the People's lack of due diligence (affirmation of defendant's counsel at 6, 10). Defendant further avers that the People cannot validly declare trial readiness because of the missing and belated disclosure and, thus, the period of their non-compliance, if charged, makes the prosecution untimely (affirmation of defendant's counsel at 12-13). Counsel alternatively argues for an order suppressing or precluding evidence, or granting omnibus hearings pursuant to Huntley/Dunaway, Mapp/Dunaway/Ingle, Refusal/VTL § 1194/Dunaway/Ingle and Sandoval/Ventimiglia (affirmation of defendant's counsel at 11). Lastly, the reply brief reiterates defendant's arguments and his counsel avers that defendant is not required to demonstrate prejudice as a consequence of purported discovery deficiencies (reply affirmation of defendant's counsel at 12). 
The prosecution asserts that there is no legislative nor caselaw authority for requiring complete compliance with CPL § 245.20 (1) prior to certification (People's affirmation at § I). Moreover, the assigned ADA argues that her entreaties to NYPD discovery liaisons on November 11 and November 20, 2023, and January 25, February 14, and February 16, 2024, demonstrate due diligence and that it was reasonable for the prosecution to certify compliance after disclosing Giglio records, activity logs, and the warrant inquiry and complaint reports although some other items remained outstanding (People's affirmation at § I). Additionally, the People maintain that their good faith was evident where the existence of BWC footage was referenced in the CoC filing but disclosure through the OneDrive portal was stymied by technical difficulties (People's affirmation at § I).
The People state that, if directed, they will disclose unredacted Giglio records but they deny that there are any IAB records that correlate to a substantiated CCRB complaint against PO Dey and they claim that defendant has failed to show prejudice from belated disclosures (People's affirmation at § I). Lastly, the prosecution consents to defendant's request for a Huntley hearing but opposes all other branches of the motion seeking suppression or preclusion of evidence (People's affirmation at § I). 
III. The Court's Analysis
As a threshold matter, this Court and others of concomitant jurisdiction have repeatedly held that if the People believe that Giglio, or any other disclosure, should be denied or restricted, their recourse is to seek relief pursuant to CPL § 245.70 (1) (see People v Basora, 79 Misc 3d 1230[A], 2023 NY Slip Op 50751[U], *4 [Crim Ct, Bronx County 2023] citing People v Goggins, 76 Misc 3d 898, 902 [Crim Ct, Bronx County 2022]["(I)f the files contain any material which should not be disclosed, the People have the ability to seek a protective order"]; see also, [*3]People v Kingsberry, 81 Misc 3d 1212[A], 2023 NY Slip Op 51323[U], *4 [Crim Ct, Bronx County 2023] [The Court held that the prosecution had no authority to preemptively redact IAB files]; CPL § 245.70 [1]). This issue is neither unsettled nor ambiguous given the plain language of the statute and the assigned ADA's blithe assurance that the People are willing to disclose the unredacted IAB files is highly suggestive of the adage that it is better to ask for forgiveness than permission, a practice which precipitated the 2020 legislative reforms to CPL 245. 
The Bay Court's admonishment to trial courts that "there is no rule of strict compliance" will not preemptively shield the prosecution's CoC where the record does not establish reasonable efforts to comply with CPL § 245.20 (1) (see Bay, 2023 NY Slip Op 06407, *6][Factors to consider when adjudicating due diligence include the volume of discovery provided and outstanding, the obviousness of missing material to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery]). 
Here, the record demonstrates that the prosecution repeatedly endeavored to liaise with NYPD to obtain the discoverable items requested by defense counsel, and we credit the assigned ADA's representation that the omission of BWC and IDTU footage was inadvertent where the CoC referenced these materials and, thus, demonstrated her intent to disclose not obfuscate; indeed, the prosecution tried to upload a zip file of the BWC footage to OneDrive before certification and when defense counsel alerted her of the missing recordings, the assigned ADA was responsive and rectified the issue by using a different platform, evidence.com, to disclose the video. The People also disclosed CCRB records although the CCRB is not a law enforcement agency and this Court held that these agency records are not automatically discoverable (see People v Peralta, 79 Misc 3d 945, 956-957 [Crim Ct, Bronx County 2023]. Additionally, the prosecution investigated whether IAB records which correlate to the CCRB allegation against PO Dey exist and confirmed that this charge does not appear on PO Dey's Central Personnel Index. 
Cumulatively, we find that the prosecution's compliance mitigates against invalidating the CoC solely based upon redacted Giglio disclosures. The People did not dispute that substantiated claims of misconduct against their testifying officers are discoverable. Consequently, insofar as the assigned ADA has advanced no argument that a protective order should govern their disclosure, pursuant to CPL § 245.35, the People are forthwith directed to serve defense counsel with unredacted Giglio records for PO Elreda concerning IAB# 2020-13841, IAB# 2019-15255, IAB# 2023-13944 and IAB# 2021-24336, and for PO Dey concerning the 2023 substantiated IAB allegation, within seven days of this Decision and Order, accompanied by a supplemental CoC. 
The prosecution's CoC, dated February 16, 2024, is deemed valid.
IV. CPL § 30.30 Calculation
In the case at bar, the People's 30.30 calculation commenced on November 21, 2023, the day after defendant's arraignment. With a valid CoC, the prosecution stopped their speedy trial computation on February 16, 2024 (November 21, 2023 to February 16, 2024 = 87 days charged to the People). Hence, the prosecution's declaration of trial readiness was made within the statutorily allotted time, 90 days (see CPL § 30.30 [1] [b]).
V. Other Relief
Defendant's motion for an order granting Huntley/Dunaway, Mapp/Dunaway/Ingle, and Refusal/VTL § 1194/Dunaway/Ingle pre-trial hearings is granted. There are no unresolved [*4]issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
However, defendant's motion for an order precluding evidence of bad acts or criminal convictions, or alternatively granting a hearing pursuant to Sandoval/Ventimiglia is referred to the trial court.
CONCLUSION
Based upon the foregoing, the Court:
DENIES defendant's motion to DISMISS; and
DEEMS the People's CoC, dated February 14, 2024, VALID; and
DIRECTS the People to disclose unredacted Giglio records for Police Officer ("PO") Elreda concerning IAB# 2020-13841, IAB# 2019-15255, IAB# 2023-13944 and IAB# 2021-24336 within seven (7) days of this Decision and Order; and
DIRECTS the People to disclose unredacted Giglio records for PO Dey concerning the 2023 substantiated IAB allegation, including documentation relating to command discipline within seven (7) days of this Decision and Order;
DIRECTS the People to file and serve a supplemental CoC certifying compliance with their Giglio obligations for all testifying officers pursuant to this Order, contemporaneously with their disclosure; and
DENIES defendant's request for an order suppressing evidence but GRANTS defendant's request for pre-trial Huntley/Dunaway, Mapp/Dunaway/Ingle, Refusal/VTL § 1194/Dunaway/Ingle hearings; and
REFERS defendant's request for an order precluding evidence of prior bad acts and convictions, or hearings pursuant to Sandoval/Ventimiglia to the trial court; and 
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
This constitutes the opinion, decision, and order of the Court.
Dated: May 9, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.