People v Rosado (2024 NY Slip Op 50904(U))

[*1]

People v Rosado

2024 NY Slip Op 50904(U)

Decided on July 15, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 15, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Angelique Rosado, Defendant.

Docket No. CR-022814-23BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Elizabeth Doty)
For the Defendant: The Bronx Defenders
(by: Lawrence Pierce, Esq.)

Yadhira González-Taylor, J.

Defendant Angelique Rosado moves for an order deeming 1) the prosecution's Certificate of Compliance ("CoC") invalid and 2) the prosecution untimely pursuant to CPL §§ 245.50 (1) and 30.30 (1) (b), respectively, or alternatively, for an order suppressing identification testimony or granting a Wade/Crews/Dunaway/Rodriguez pre-trial hearing and precluding evidence at trial for which the prosecution failed to properly serve notice pursuant to CPL § 710.30 (1) (b). Upon review and consideration of the submissions, court file and relevant legal authority, the Court: 
FINDS that the prosecution's CoC is VALID; and
DENIES defendant's motion for dismissal pursuant to CPL § 30.30 (1) (b); and
DENIES defendant's request for an order suppressing evidence pursuant to CPL § 710.30 (1) (b); and
GRANTS defendant's motion for a Wade/Crews/Dunaway/Rodriguez pre-trial hearing; and
DENIES defendant's request for a hearing on the underlying facts pursuant to People v Luperon, 85 NY2d 71, 78 [1995] and People v Allard, 28 NY3d 41 [2016].
RELEVANT PROCEDURAL BACKGROUND
On October 16, 2023, defendants Angelique Rosado and Tevin Harris were arrested and charged with violating Penal Law ("PL") § 120.14 (1) (menacing in the second degree), § 120.00 (1) (assault in the third degree), § 265.01 (2) (criminal possession of a weapon in the fourth degree), all misdemeanors, and § 240.26 (1) (harassment in the second degree), a violation. Specifically, the information alleges the conduct took place after co-defendant Harris's vehicle, in which defendant Rosado was a passenger, collided with another vehicle driven by the complaining witness. On October 17, 2023, defendant was arraigned on the misdemeanor complaint and released on her own recognizance.
On January 12, 2024, the prosecution filed their CoC, Statement of Readiness ("SoR") and a Supporting Deposition. At the court appearance held on January 25, 2024, defendant was arraigned on the information. On February 29, 2024, the prosecution supplemented the CoC for disclosures concerning the NYPD aided worksheet. At the compliance conference held on March 12, 2024, the instant motion was scheduled after defense counsel advised this Court that he was not in receipt of meta data, audit logs and body-worn camera ("BWC") footage and this Court directed the People to produce the audit trails. On March 28, 2024, the People filed a second supplemental CoC concerning their disclosure of BWC audit trail logs and the NYPD aided card. Defendant's motion was filed on April 22, 2024, the People filed their opposition on May 28, 2024, and defense counsel filed a reply brief on June 3, 2024.

DISCUSSION
I. Applicable Legal Standards
The CoC Challenge
The Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence regarding discovery obligations in People v Bay, 208 NYS3d 490, 499 [2023]. The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay at 498 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see Luperon at 77-78). The burden then shifts to the prosecution to identify excludable delays (see Luperon at 78). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Therefore, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed because of any chargeable period of non-compliance which renders the prosecution untimely (see Bay at 499).
II. The Parties' Arguments
Defense counsel contends, inter alia, that the prosecution's CoC was employed as a placeholder where the People certified their compliance on January 12, 2024, before disclosing BWC audit logs and the NYPD aided report worksheet on February 29, 2024, and March 28, 2024, respectively (memorandum of law of defendant's counsel at § A). Additionally, counsel argues that audit logs fall within the ambit of automatic disclosures because they constitute [*2]statements from recordings which are relevant to the charged offenses (memorandum of law of defendant's counsel at § A1). Defendant further asserts that the prosecution's CoC and supplemental CoCs are bereft of any information concerning the People's efforts to make reasonable inquiries concerning outstanding disclosure as required by People v Bay and, thus, without demonstrating the requisite due diligence, the prosecution could neither validly certify compliance nor declare readiness for trial (memorandum of law of defendant's counsel at § A2). 
Defendant states that the accusatory instrument must be dismissed if the prosecution is properly charged with the period of their non-compliance (memorandum of law of defendant's counsel at § B). Next, counsel avers that the Court should suppress identification testimony or, alternatively, grant defendant a Wade/Crews/ Rodriguez pre-trial hearing if the Court finds that the People properly served notice of identification evidence pursuant to CPL § 710.30 (1) (b); however, counsel argues that the Court should issue an order precluding identification evidence if the Court finds that the prosecution did not properly serve said notice (memorandum of law of defendant's counsel at § B). Lastly, counsel's reply brief reiterates defendant's assertions that the supplemental CoC failed to set forth the People's attempts to comply with outstanding disclosure and generally rebut the People's argument that audit trails are not discoverable (reply memorandum of defense counsel at 4-5, 8-9).
The People maintain that following the parties' discovery conference on March 28, 2024, they complied with this Court's directive to disclose audit trail logs (People's affirmation at 5). Further, the prosecution contends that audit trail meta data is not included in the enumerated categories of automatically discoverable items and, specifically, that the belatedly disclosed audit trails at bar are devoid of "substantive statement materials" of the sort contemplated by CPL § 245.20 (1) (e) such that non-disclosure thereof would warrant sanction (People's affirmation at 14-15). Concerning the belatedly disclosed NYPD aided card, the People assert that the previously assigned ADA followed up on October 17, 2023, December 19, 2023, and January 3, 2024, for responsive police documents but was advised that there were no outstanding materials (People's affirmation at 17). The People further aver that they acted diligently after the docket was reassigned to follow up based upon defense counsel's repeated inquiries concerning the existence of an NYPD aided card which was finally disclosed to defendant shortly after NYPD retrieved the item on February 15, 2024 (People's affirmation at 18).
The prosecution claims that complete compliance is not mandated by statute nor decisional law and cites to People v Bay for the proposition that the People acted in good faith to confer and to supplement their disclosures (People's affirmation at 19-20). Lastly, the People assert that pursuant to CPL §§ 710.30 (1)(a) and (1) (b), Identification notice was properly served at defendant's arraignment on October 17, 2023, and they oppose defendant's request for an order suppressing identification evidence or granting defendant a pre-trial Wade/Crews/Dunaway/Rodriguez hearing, as well as defendant's reservation of rights to file additional motions (People's affirmation at 31-32).
III. The Court's Analysis
A. Belated Disclosures and CoC Validity
While there is no one-size fits all response to determining discovery compliance, "by following-up, the very essence of what it means to exercise due diligence," the prosecution's [*3]CoC can be deemed valid although some discovery is missing and/or belatedly disclosed (see Hernandez, 2023 NY Slip Op 51201[U], *15 citing People v Franklin, 78 Misc 3d 1232[A], 2023 NY Slip Op 50400[U], *6 [Crim Ct, Bronx County 2023]).
In reconsidering the discoverability of audit trails, this Court held in People v Rollerson that "(a)lthough the prosecution argues that device logs [trails] provide purely technical information, the essence is in the details. The People's insistence that no substantive information can be gleaned from audit trails which is not already evident from the BWC recording itself is belied by the fact that these device trail reports apparently track every permutation involved in the functioning of the BWC recording. Therefore, this Court now finds that an audit trail is more expansive than metadata that tracks the creation or revision of a document" (see Rollerson, 82 Misc 3d 1212[A], 2024 NY Slip Op 50291[U], *4 [Crim Ct, Bronx County 2024]).
Accordingly, we remain unpersuaded by arguments advanced by the People which premise the discoverability of audit trails on whether defense counsel can demonstrate that the metadata "relates to the subject matter of the case" because in this Court's estimation audit trails for BWC footage of the instant arrest necessarily relate to the subject matter of the case and constitute police reports generated by recordings as contemplated by CPL § 245.20 (1) (e). Moreover, where "(i)t has long been recognized that the best judge of the value of evidence to a defendant's case is the single-minded devotion of counsel for the accused," it is of no import whether the prosecution deems the material to be of negligible utility to the defense if the documentation falls within the ambit of a category of automatic disclosures (see People v Peralta, 79 Misc 3d 945, 955 [Crim Ct, Bronx County 2023] citing People v Pennant, 73 Misc 3d 753, 761 [Nassau Dist Ct, 1st Dist 2021] [internal quotation marks omitted]). However, as with Rollerson, we decline to penalize the prosecution for its disclosure of audit trails, albeit belated, pursuant to a court directive.
Additionally, this Court credits the prosecution's recitation of its multiple entreaties to NYPD to procure the outstanding aided card. Contrary to defense counsel's assertions, the supplemental CoC enumerates the People's continuous attempts to liaise with NYPD before and after the CoC filing despite the docket being reassigned to a new ADA, and these efforts demonstrate that the People made reasonable inquiries to determine the existence of material and information subject to discovery (see Bay at 498). 
Based upon the record at bar, considering the volume of discovery previously provided and the due diligence demonstrated by the People, the Court finds that the People's belated disclosure of audit trails and an NYPD aided card do not warrant striking the CoC. Therefore, the CoC, filed on January 12, 2024, is deemed valid.
B. The CPL § 30.30 Calculation
Criminal Procedure Law § 245.50 (3) provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Aquino, 72 Misc 3d 518, 520 [Crim Ct, Kings County 2021]). In the case at bar, the People's 30.30 calculation commenced on October 18, 2023, the day after defendant's arraignment. The People's CoC, filed and served on January 12, 2024, was valid and stopped the prosecution's speedy trial clock (October 18, 2023, to January 12, 2024, = 86 days). Consequently, 86 days are chargeable to the People and, thus, the prosecution was timely pursuant to CPL § 30.30 (1) (b).
[*4]IV. Other Relief Requested by Defendant
Since his motion to dismiss is denied, defendant requests a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra. However, the Court finds that the People's opposition has settled all factual disputes. Thus, there are no unresolved disputes which require a hearing and defendant's request is denied.
Additionally, the Court denies defendant's request for an order suppressing identification evidence but grants defendant's motion for a Wade/Crews/Dunaway/Rodriguez pre-trial hearing. Additionally, the Court grants defendant's request to reserve his right to make further motions to the extent provided by CPL § 255.20 (3). Lastly, the Court respectfully refers defendant's request for preclusion of identification evidence to the trial court.

CONCLUSION
Based upon the foregoing, this Court finds that the prosecution's CoC is VALID and
DENIES defendant's motion for dismissal pursuant to CPL § 30.30 (1) (b); and further:
DENIES defendant's request for an order suppressing evidence pursuant to CPL § 710.30 (1) (b); and
GRANTS defendant's motion for a Wade/Crews/Dunaway/Rodriguez pre-trial hearing; and
REFERS to the trial court defendant's request for an order precluding identification evidence pursuant to CPL § 710.30 (1) (b); and
DENIES defendant's request for a hearing on the underlying facts pursuant to People v Luperon, 85 NY2d 71, 78 [1995] and People v Allard, 28 NY3d 41 [2016].
Defendant is DIRECTED to file a CoC pursuant to CPL § 245.50(2).
This constitutes the opinion, decision, and the order of the Court.
Dated: July 15, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.