People v Lebron (2024 NY Slip Op 50593(U))

[*1]

People v Lebron

2024 NY Slip Op 50593(U)

Decided on May 19, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Lieliz Lebron, Defendant.

Docket No. CR-022605-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jennifer Rentrope)
For the Defendant:
The Bronx Defenders
(by: Lawrence Pierce, Esq.)

Yadhira González-Taylor, J.

By omnibus motion dated March 21, 2024, defendant Lieliz Lebron moves this Court to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("CPL") § 30.30 (1) (b), inter alia, on the grounds that the prosecution has failed to comply with its § 245.20 (1) automatic disclosures and, thus, the People's Certificate of Compliance ("CoC") should be deemed invalid, and the period of their non-compliance charged against them. Alternatively, defendant seeks an order suppressing statement and identification evidence, or hearings pursuant to Huntley/Dunaway and Wade/Crews/Rodriguez, respectively, and a hearing on the underlying facts pursuant to People v Allard, 28 NY3d 41 [2016] if the prosecution opposes the motion. On April 18, 2024, the prosecution opposed the motion except that part requesting a Huntley hearing. On April 25, 2024, defendant filed his reply. Upon review and consideration of the submissions, court file and relevant legal authority, the Court:
DENIES defendant's motion to dismiss; and
DEEMS the People's CoC, dated January 12, 2024, VALID; and
DIRECTS the People to disclose records of prior convictions for their complainant, Abagail Davis, NYSID # 9008554M, including dockets CR-011852-22BX and CRH-026328-11BX, within seven (7) days of this Decision and Order; and
DIRECTS the People to file and serve a supplemental CoC certifying compliance with their disclosure obligations concerning the complaining witness pursuant to this Order contemporaneously with their disclosure; and
DENIES defendant's request for an order suppressing evidence but GRANTS defendant's request for pre-trial Huntley/Dunaway and Wade/Crews/Rodriguez hearings; and
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
This constitutes the opinion, decision, and order of the Court.
RELEVANT PROCEDURAL BACKGROUND
On October 14, 2023, defendant Lieliz Lebron was arrested and charged with violating Penal Law ("PL") §§ 121.11 (criminal obstruction of breathing or blood circulation) and 120.00 (1) (assault in the third degree), both misdemeanors, and 240.26 (harassment in the second degree), a violation. Defendant was arraigned on October 15, 2023, and released on her own recognizance.
At the discovery conference held on February 22, 2024, defense counsel advised this Court that the parties had not conferred concerning disputed discovery items detailed in his email to the assigned ADA dated January 23, 2024, which sought information concerning outstanding body-worn camera ("BWC") footage, memo book entries and Giglio material for Police Officer ("PO") Olan, prior conviction information for the complaining witness, and a surname for another prosecution witness. Accordingly, the instant motion schedule was set.
DISCUSSION
I. Applicable Legal Standards
The CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]).
In People v Bay, the Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence (see Bay, — NE3d &mdash, 2023 NY Slip Op 06407 [2023]). The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *2 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Consequently, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, [*2]whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay, 2023 NY Slip Op 06407, *2).
II. The Parties' Arguments
Defendant argues that the prosecution's CoC should be invalidated because of the People's failure to disclose memo book entries which correlate to PO Olan's response to the subject incident (memorandum of law of defendant's counsel at § A). Moreover, counsel posits that the prosecution is obliged to disclose Giglio evidence for PO Olan, one of only two police officers who responded to the scene, because he played an integral role in defendant's investigation and arrest (Id.). Defendant further avers that the prosecution failed to exercise due diligence by not disclosing evidence of the complaining witness's prior judgments, where defense counsel has independently identified two convictions (Id.).
Counsel further contends that the People's declaration of readiness was improper because they failed to confer concerning outstanding materials which were known to them (memorandum of law of defendant's counsel at §§ B and C). Defendant asserts that identification and statement evidence should be suppressed as "tainted fruit" of an unlawful arrest (memorandum of law of defendant's counsel at § C). Lastly, the reply brief reiterates defendant's arguments and his counsel avers the assigned ADA has failed to proffer evidence of due diligence concerning her failure to disclose PO Olan's memo book entries and the complainant's prior convictions, and further argues that PO Olan's presence and investigation at the arrest site demonstrate a substantial nexus sufficient to warrant Giglio disclosures pursuant to People v Peralta, 79 Misc 3d 945, 953-54 [Crim Ct, Bronx County 2023] (reply memorandum of law defendant's counsel at 2-3). 
The assigned ADA does not deny that she did not respond to defense counsel's email dated January 23, 2024, for over six weeks but contends that she had endeavored to communicate with him concerning the People's plea offer, and she belatedly provided answers to all but one of defendant's inquiries (People's affirmation at 5). Next, the prosecution states that its disclosures of PO Olan's memo book and activity logs were made in good faith, but following defense counsel's inquiries the People were able to confirm with NYPD that PO Olan had no memo book entries correlating to the time of defendant's arrest (People's affirmation at 6). The People contend that Giglio disclosure is not required for a non-testifying officer where defense counsel has demonstrated no particularized reason other than PO Olan being one of only two responding officers to the incident (People's affirmation at 9).
The prosecution also claims that a pre-CoC filing background search concerning the complaining witness failed to disclose prior convictions because her birthdate was incorrectly stated in the complaint report; however, the People state that they will correct this information and disclose the pertinent information with a supplemental CoC (People's affirmation at 10). Additionally, the assigned ADA acknowledges that she was delayed in conferring with defense counsel but claims that none of the issues raised by counsel warrant the invalidation of the CoC where the People have investigated and confirmed that no applicable memo book entries exist for PO Olan, reshared BWC footage requested by defendant, and confirmed that they have no [*3]last name for the witness known as "Victor" (People's affirmation at 12).[FN1]
Lastly, the prosecution consents to defendant's request for a Huntley hearing but opposes all other branches of the motion seeking suppression or preclusion of evidence (People's affirmation at § 13-15). 
III. The Court's Analysis
The Bay Court's admonishment to trial courts that "there is no rule of strict compliance" will not preemptively shield the prosecution's CoC where the record does not establish reasonable efforts to comply with CPL § 245.20 (1) (see Bay, 2023 NY Slip Op 06407, *6][Factors to consider when adjudicating due diligence include the volume of discovery provided and outstanding, the obviousness of missing material to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery]). The People's invocation of the "there is no perfect prosecutor" defense is wholly misplaced where the Bay Court emphasizes reasonable and demonstrated due diligence as the gauge for prosecutorial compliance (see Id.).
PO Elan
The record at bar demonstrates that the People endeavored to comply with disclosures related to PO Elan but were advised, post-CoC, that he has no memo book entries contemporaneous with defendant's arrest. It must be axiomatic that the prosecution does not have a duty to disclose evidence which was never created where CPL §245.80 (1) provides for the possible imposition of a remedy or sanction for non-compliance of material or information which has been belatedly disclosed or lost or destroyed (see CPL §245.80 [1] [emphasis added]). However, if the prosecution subsequently learns of memo book entries and/or activity logs for PO Olan that encompass the time of his response to the arrest scene, the matter should be referred to the trial court for consideration of the imposition of a remedy or sanction.
Moreover, the Court is unpersuaded by defendant's argument that Giglio disclosure is triggered where PO Olan was one of only two responding officers because "it is well within the world of possibilities that the currently-designated testifying officer is unavailable and the other officer would need to be called to testify instead" (memorandum of law of defendant's counsel at § A). Notably, this entirely speculative argument was advanced in defendant's initial brief and only in defendant's reply does counsel posit that PO Olan conducted an independent investigation following the arrest which demonstrates a substantial nexus to the case. The demonstrated involvement of PO Olan, as recited by defendant, include photographing the complainant, having the complainant's name on his phone (as demonstrated in Exhibit C2 to defendant's reply brief) and purportedly speaking with EMS, bears no resemblance to the facts presented in Peralta:
As described by defendant, and not denied by the People, Det. Schwartz was specifically called to the scene because he had his personal PBT device, and this formed the basis for the police action wherein defendant was arrested and removed to the precinct where he refused to submit to an official breathalyzer test. It strains credulity to speculate that defendant's initial refusal to submit to a PBT administered by Det. Schwartz was not a factor in the decision to arrest him; and it should be noted that defendant claims he was administered the PBT only after he was in handcuffs. (Def. Aff. at 6). As also described [*4]by defendant, and not refuted by the prosecution, Det. Schwartz, aided by Officer Diaz, who acted as his Spanish-language translator, participated in the interrogation of defendant, and they were both observed by Sgt. Filchukov, who acted as the supervising officer. Det. Schwartz could not have facilitated his PBT, nor conduct his interrogation without the assistance of Officer Diaz, and defendant's arrest had to have been approved by Sgt. Filchukov. The demonstrated involvement of Det. Schwartz, Officer Diaz and Sgt. Filchukov in defendant's interrogation and arrest was hardly fleeting or tangential and their disciplinary records should not be inscrutable just because the People have strategically decided, as is the prosecution's prerogative, not to call them as witnesses.
(see Peralta at 954).
Other Outstanding/Belated Discovery
The Court credits the prosecution's representation that the failure to disclose evidence of their complainant's prior convictions was an inadvertent omission occasioned by the witness's birth date being incorrectly stated in the criminal report. The prosecution has confirmed that the surname for the witness known as "Victor" is unknown and all relevant BWC footage has been disclosed. 
CoC Validity
The record at bar demonstrates that the question of the validity of the prosecution's CoC is settled by their timely disclosure of discoverable materials, and defendant cannot premise an argument for invalidating the CoC based upon the non-disclosure of materials which were not automatically discoverable, to wit: memo book entries that do not exist and Giglio evidence for a non-testifying officer who played no integral role in the arrest or investigation. Finally, while the record does not inform the Court of when the People realized the error in their complainant's birthdate, we surmise that their efforts to rectify an inadvertent omission of prior convictions information were unnecessarily delayed. Nevertheless, we find that the prosecution's CoC, dated January 12, 2024, is deemed valid. 
IV. CPL § 30.30 Calculation
In the case at bar, the People's 30.30 calculation commenced on October 16, 2023, the day after defendant's arraignment. With a valid CoC, the prosecution stopped their speedy trial computation on January 12, 2024 (October 16, 2023, to January 12, 2024 = 88 days charged to the People). Hence, the prosecution's declaration of trial readiness was made within the statutorily allotted time, 90 days (see CPL § 30.30 [1] [b]).
V. Other Relief
Defendant's motion for an order granting Huntley/Dunaway and Wade/Crews/Rodriguez pre-trial hearings is granted. There are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
CONCLUSION
Based upon the foregoing, the Court: DENIES defendant's motion to dismiss; and
DEEMS the People's CoC, dated January 12, 2024, VALID; and
DIRECTS the People to disclose records of prior convictions for their complainant, Abagail Davis, NYSID # 9008554M, including dockets CR-011852-22BX and CRH-026328-11BX, within seven (7) days of this Decision and Order; and
DIRECTS the People to file and serve a supplemental CoC certifying compliance with their disclosure obligations concerning the complaining witness pursuant to this Order contemporaneously with their disclosure; and
DENIES defendant's request for an order suppressing evidence but GRANTS defendant's request for pre-trial Huntley/Dunaway and Wade/Crews/Rodriguez hearings; and
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Allard at 41.
This constitutes the opinion, decision, and order of the Court.
Dated: May 19, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:Victor's contact number is stated in the People's CoC.