People v Polanco (2024 NY Slip Op 51235(U))

[*1]

People v Polanco

2024 NY Slip Op 51235(U)

Decided on September 6, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 6, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Pedro Polanco, Defendant.

Docket No. CR-003724-24BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: Juliana Rogers, Assistant District Attorney)
For the Defendant:
The Bronx Defenders
(by: Grace Powell, Esq.)

Yadhira González-Taylor, J.

By notice of motion dated July 8, 2024, defendant moves for dismissal of the accusatory instrument pursuant to Criminal Procedure Law ("CPL") §§ 245.50 (3), 30.30 (1) and 170.30 by alleging that the People's Certificate of Compliance ("CoC") and Statement of Readiness ("SoR") were illusory and, thus, the People did not declare trial readiness before the expiration of their speedy trial time. Additionally, defendant moves for a hearing on the underlying facts pursuant to People v Luperon, 85 NY2d 71 [1995] and People v Allard, 28 NY3d 41 [2016], respectively, if the motion is not granted, and for suppression of evidence concerning identification of defendant pursuant to CPL § 710.30 or, in the alternative, a Wade/Crews/Rodriguez hearing, and for preclusion of evidence concerning any prior convictions or bad acts or, in the alternative, a Sandoval/Ventimiglia hearing. The People opposed the motion in its entirety.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court: 

DENIES defendant's motion to dismiss pursuant to CPL §§ 245.50 (3), 30.30 and 170.30; and
DEEMS the People's CoC filed on May 1, 2024, VALID pursuant to CPL § 245.50 (1); and
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra; and
DIRECTS the People to unredact all references to named police officers in IAB Log ## 21-23631, 21-14065 and 21-1932 concerning Police Officer ("PO") Carbucia within ten (10) days of this Decision and Order; and
DIRECTS the People to file and serve a supplemental CoC ("SCoC") certifying compliance with their CPL § 245.20 (1) (k) disclosure obligation concerning previously [*2]and belatedly disclosed unredacted IAB Log ## 21-23631, 21-14065 and 21-1932 concerning PO Carbucia and certifying that all references to police officers whose names appear in those logs have been unredacted within ten (10) days of this Decision and Order; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
DIRECTS defendant to comply with his reciprocal discovery obligations pursuant to CPL § 245.20 (4); and
GRANTS defendant's request for hearings pursuant to Wade/Crews/Rodriguez but respectfully refers the issue of preclusion or, alternatively, a Sandoval/Ventimiglia hearing to the trial court.
RELEVANT PROCEDURAL BACKGROUND
On February 12, 2024, defendant Pedro Polanco was arrested and charged with violating Penal Law ("PL") §§ 120.14 (1) (menacing in the second degree), 265.01 (2) (criminal possession of a weapon in the fourth degree), 120.15 (menacing in in the first degree), all misdemeanors, and 240.26 (1) (harassment in the second degree), a violation. Defendant was released on his own recognizance. At the court appearance held on March 12, 2024, the People advised the court that they had filed a supporting deposition and the complaint was deemed an information.
The People served their CoC and SoR on May 1, 2024, and supplemented their disclosures with the filing of an SCoC and Statement Maintaining Readiness on May 6, 2024. When the parties returned to court on June 10, 2024, the instant motion was scheduled. The People opposed the motion in its entirety on August 6, 2024, and defense counsel filed a reply brief on August 16, 2024. 

DISCUSSION
 
 I. Applicable Legal Standards

The CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]).
In People v Bay, the Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence (see Bay, 41 NY3d 200 [2023]). The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record [*3]at bar (see Bay at 211[emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]; see Luperon at 77-78). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Therefore, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay at 214).
II. The Parties' Arguments
Defense counsel submits that the People's Giglio disclosures were improperly redacted, belatedly served and incomplete (affirmation of defendant's counsel at 7-10). Specifically, counsel argues that the prosecution's initial Giglio disclosure for PO Carbucia was improperly redacted and the purported corrected disclosure was served after the People's speedy trial time had already expired (affirmation of defendant's counsel at 7-8). Additionally, defendant contends that the People did not explain how they made their determination that no responsive Giglio materials exist for PO Rodriguez Cesar (affirmation of defendant's counsel at 9-10). 
Next, defendant asserts that the prosecution failed to specify what efforts were taken to procure prior incident reports from the NYPD or the subject property manager where both the DA's Summary and body-worn camera ("BWC") footage indicate that defendant and the complaining witness had a history of disputes (affirmation of defendant's counsel at 10). Similarly, defendant avers that the People have failed to clarify what efforts were made to confirm whether private surveillance video of the subject incident exists (affirmation of defendant's counsel at 11). Defense counsel's reply brief reiterates the arguments in support of striking the prosecution's CoC and maintains that the People have not met their burden to establish due diligence and to file an SCoC explaining the basis for belated and purported missing disclosures (reply affirmation of defendant's counsel at 2-7). 
Initially, the People aver that they disclosed to defense counsel 122 pages of discovery and BWC footage for all responding officers prior to certifying their compliance on May 1, 2024. (People's affirmation at § II). Concerning belated disclosure of unredacted IAB Logs for PO Carbucia, the assigned ADA contends that the unredacted entries did not constitute discoverable information but were nonetheless disclosed in good faith after she received defense counsel's objections (People's affirmation at § II). The prosecution relies upon the Fourth Department's holding in People v Cooperman to argue that insofar as the redacted entries concern non-testifying officers, this information is not subject to automatic discovery and cannot serve as a basis to invalidate the People's CoC (People's affirmation at § II; see Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]).
Next, the prosecution asserts that defendant was already advised that no responsive [*4]Giglio materials exist for PO Rodriguez Cesar and that the People are not obliged to disclose the officer's Central Personnel Index ("CPI") to confirm the same where courts have held that exonerated and unfounded determinations are not discoverable (People's affirmation at § II).
The assigned ADA asserts that she relied in good faith on the disclosed DA Summary to conclude that no police reports were filed concerning any prior incidents between defendant and the complaining witness, and that defense counsel was unresponsive to her request for more information from the defendant to further investigate the issue (People's affirmation at § II). However, the People state that they attempted to contact, by phone and email, the property manager of the location where the incident occurred, to no avail, for incident reports and private surveillance video (People's affirmation at § II). Lastly, the prosecution opposes defendant's request for orders of suppression and preclusion or, alternatively, hearings pursuant to Wade/Crews/Rodriguez and Sandoval/Ventimiglia as well as defendant's reservation of rights to file additional motions (People's affirmation at § II). 

III. The Court's Analysis
CoC Challenge
Giglio Disclosures
As a threshold matter, in People v Zapata, we found that courts "of concomitant jurisdiction have repeatedly held that if the People believe that Giglio, or any other disclosure, should be denied or restricted, their recourse is to seek relief pursuant to CPL § 245.70 (1)" (see Zapata, 2024 NY Slip Op 50554[U], *3 [Crim Ct, Bronx County 2024][internal citations omitted]). This issue is neither unsettled nor ambiguous given the plain language of the statute and the People should not unilaterally redact information when the issue of discoverability, or possibly the need to disclose pursuant to a protective order, is within the sole province of the court- not the prosecution (see Zapata, supra). 
The record at bar confirms that following conferral with defense counsel, the People endeavored to promptly reshare previously disclosed IAB Logs with the redactions pertaining to PO Carbucia removed and, thus, we can distinguish this matter from our holding in People v Amissah, where the People did not serve outstanding Giglio materials until four months after their certification and, thereafter, failed to serve an SCoC explaining this belated disclosure until 60 days later (see Amissah, 79 Misc 3d 401, 409 [Crim Ct, Bronx County 2023]).
Next, the People's reliance upon Cooperman for the proposition that Giglio materials concerning non-testifying officers are not automatically discoverable pursuant to CPL § 245.20 (1)(k)(iv) is wholly inapposite where defense counsel did not advance any argument that non-testifying officers' disciplinary histories should be deemed discoverable because they played a significant role in defendant's arrest or investigation (see Cooperman at 1220; see also People v Jawad, 2024 NY Slip Op —, 2024 WL 4096833 [App Term, 2d Dept, 11th & 13th Jud Dists 2024] ["Even some courts that read CPL 245.20 (1) (k) to cover nontestifying officers' disciplinary records condition disclosure of such material on a showing by the defendant that the nontestifying officer played an integral role in the arrest and/or investigation of the incident such that disclosure is warranted"] [internal quotations omitted]). 
As we noted in People v Bravo, "given the Legislature's repeal of Civil Rights Law § 50-a to promote transparency of police disciplinary records, redactions of police officers' names and precincts are not permissible" (see Bravo, 2024 NY Slip Op 51037[U], *6 [Crim Ct, Bronx County 2024]; see also former Civil Rights Law § 50-a, repealed by L 2020, ch 96, § 1, eff June [*5]12, 2020). It is for this reason that redacted references to non-testifying officers whose names appear in PO Carbucia's IAB Logs is not allowed. Lastly, the Court credits the assigned ADA's representation that the People are not in possession of any responsive Giglio materials for PO Rodriguez Cesar and, thus, are not required to disclose his CPI.
Prior Incident Reports and Surveillance Video
The People advised defense counsel that notwithstanding some ambiguity in their DA Summary, they endeavored to confirm whether the NYPD was in possession of any incident reports concerning defendant and the complaining witness. Indeed, the prosecution asked defense counsel for any information to assist the search, to no avail. Consequently, this Court finds that the People's obligation to search for incident reports is governed by CPL § 245.20 (2), and we are persuaded that the property manager of the building where the subject incident occurred did not respond to their email and telephone entreaties for information which is not in the People's custody, control, or possession. It is settled that the prosecution is not required to obtain information by subpoena duces tecum which defense counsel could thereby obtain (see CPL § 245.20 [2]). 
Similarly, the record establishes that the People endeavored to confirm whether the NYPD obtained any private surveillance video evidence on February 29, 2024, March 22, 2024, April 1, 2024, April 4, 2024, and April 24, 2024, prior to their CoC certification, and following the parties' conferral about discovery issues on May 15, 2024, the assigned ADA also made an inquiry to the property manager for any private surveillance video captured by the building cameras. It must be axiomatic that the People have no duty to disclose evidence which does not exist, and which would not have been within their control (property surveillance video). Additionally, defense counsel was also not prevented from issuing a subpoena to the property manager (see CPL § 245.20 [2]). 
Considered through the lens of the Bay decision, the Court finds that the volume and timeliness of much of the prosecution's discovery and the assigned ADA's general responsiveness to defense counsel's objections argue against invalidating the People's CoC based upon the belated unredacted Giglio disclosure and their failure to file a contemporaneous SCoC. However, the People are directed to file their SCoC with an explanation of what occasioned the delayed unredacted discovery, and to unredact references to non-testifying officers whose names appear in PO Carbucia's IAB Logs. 
IV. The CPL § 30.30 Calculation 

The People's 30.30 calculation commenced on February 13, 2024, the day after defendant's arraignment. On May 1, 2024, the People filed a valid CoC (February 13, 2024 — May 1, 2024: 78 days). Consequently, 78 days are chargeable to the People and, thus, the prosecution was timely pursuant to CPL § 30.30 (1) (b).
V. Other Relief Sought by Defendant
Defendant's request for a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra is denied because the Court finds that the People's opposition has settled all factual disputes. 
Defendant's request for an order suppressing evidence is denied but the Court grants defendant's request for hearings pursuant to Wade/Crews/Rodriguez. Defendant's request for an order precluding evidence or, alternatively, a Sandoval/Ventimiglia hearing, is respectfully referred to the trial court.
Defendant's application seeking his reservation of rights to make further motions is granted to the extent provided by CPL § 255.20 (3).

CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to dismiss pursuant to CPL §§ 245.50 (3), 30.30 and 170.30; and
DEEMS the People's CoC filed on May 1, 2024, VALID pursuant to CPL § 245.50 (1); and
FINDS that there are no unresolved issues that warrant a hearing on the underlying facts pursuant to Luperon, supra and Allard, supra; and
DIRECTS the People to unredact all references to named police officers in IAB Log ## 21-23631, 21-14065 and 21-1932 concerning PO Carbucia within ten (10) days of this Decision and Order; and
DIRECTS the People to file and serve a supplemental CoC certifying compliance with their CPL § 245.20 (1) (k) disclosure obligation concerning previously and belatedly disclosed unredacted IAB Log ## 21-23631, 21-14065 and 21-1932 concerning PO Carbucia and certifying that all references to police officers whose names appear in those logs have been unredacted within ten (10) days of this Decision and Order; and
DIRECTS the People to comply with their continuing discovery obligations pursuant to CPL § 245, including Brady disclosures; and
GRANTS defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3); and
DIRECTS defendant to comply with his reciprocal discovery obligations pursuant to CPL § 245.20 (4); and
GRANTS defendant's request for hearings pursuant to Wade/Crews/Rodriguez but respectfully refers the issue of preclusion or, alternatively, a Sandoval/Ventimiglia hearing to the trial court.
This constitutes the opinion, decision, and order of the Court.
Dated: September 6, 2024
Bronx, New York
_________________________________
Hon. Yadhira González-Taylor, J.C.C.