People v Lodgson-McCray (2025 NY Slip Op 52158(U))

[*1]

People v Lodgson-McCray

2025 NY Slip Op 52158(U)

Decided on January 23, 2026

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 02, 2026; it will not be published in the printed Official Reports.

Decided on January 23, 2026
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

againstJakhi Lodgson-McCray, Defendant.

CR-023029-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Matthew Boutros of counsel), for plaintiffTwyla Carter, The Legal Aid Society, New York City (Sean Fabi of counsel), for defendant

Ilona B. Coleman, J.

The defense moves this court to find the People's certificate of compliance ("COC") invalid pursuant to CPL § 245.50(1). Specifically, the defense argues that the People did not satisfy their discovery obligations under CPL § 245.20 in that they failed to timely provide an arrest report worksheet, an NYPD I-card, subpoena returns, witness information, a photograph of the crime scene, and police disciplinary records. In opposition, the People argue that some of these materials are not discoverable and that, regardless of any discovery defects, they exercised due diligence prior to filing their COC.
For the reasons that follow, the People's initial COC was invalid.
I. Relevant FactsThe defendant is charged with violating PL § 145.00 (1) and related offenses on September 3, 2024 for allegedly pouring red paint on a statue on the Columbia University campus. The defendant was arrested on July 21, 2025.
On August 4, 2025, the People requested 911 calls, radio runs, body-worn camera ("BWC") footage, and activity logs from the NYPD. On August 5, 2025, the People requested potential impeachment material for two law enforcement witnesses from the NYPD. After obtaining an initial set of potential impeachment material, the People determined that certain discoverable materials [*2]were outstanding, and on August 11, 2025, they requested expedited production of those outstanding materials from the NYPD.
On August 12 and 13, 2025, the People provided initial discovery to the defense. Specifically, the People produced four BWC videos, 911 calls, radio runs, police paperwork, some potential impeachment material, and an Automatic Discovery Form ("ADF") containing witness contact information. Due to a "file-sharing error," about half of the NYPD Electronic Case Management System ("ECMS") file was corrupted and not produced (aff of People, p. 4).[FN1]

On August 13, 2025, the People filed and their initial COC. In their COC, the People noted that some materials discoverable under CPL § 245.20 (1) (k) had not been produced because they were not in the People's actual possession.
On August 27, 2025, the defense emailed the People notifying them of specific objections to the People's COC. The People did not reply, and the defense sent follow-up emails on September 3, September 9, and September 16, 2025. In their emails, the defense contended that the People had failed to disclose an arrest report worksheet, the I-card issued for the defendant's arrest, subpoena returns, witness information, a photograph of the crime scene, and police disciplinary records. The People responded on September 16, 2025, indicating that they would respond to the discovery objections by the end of the week. On September 16, 2025, the defense requested an extension of the 35-day deadline for challenging the People's COC, and the court granted that extension.
On September 22, 2025, the People emailed their response to the defense's discovery objections. The People stated that the arrest worksheet did not exist; that the I-card and subpoena returns had been omitted due to a file-sharing error that corrupted much of the NYPD ECMS file; that the officer who took the crime scene photograph was on vacation, and the photograph would not be available until his return; and that the police disciplinary records requested were not discoverable. Also on September 22, the People shared with the defense an uncorrupted version of the ECMS file, which contained the requested I-card and subpoena returns, and filed a supplemental COC ("SCOC"). 
On October 2, 2025, the People produced the crime scene photograph to the defense and issued a subpoena to the NYPD for outstanding IAB materials. The People then filed a second SCOC. 
On October 6, 2025, the People obtained material related to civil lawsuits in which one of the police witnesses was a named defendant and produced this material to the defense. The People then filed their third SCOC.
On October 9, 2025, the People received a partial response to the subpoena they issued to the NYPD and produced the documents to the defense. They then filed their fourth SCOC.
On October 14, 2025, the People received the outstanding subpoenaed documents from the NYPD and produced them to the defense. They then filed their fifth and final SCOC.
The defense informed the court on October 28, 2025 that they intended to file a motion challenging the People's COC, and the court set a motion schedule. The defense filed this motion on November 13, 2025. The defense affirmation and exhibits demonstrate that the parties conferred diligently. 
II. Validity of the People's COCThe defense argues that the People's August 13, 2025 COC was invalid.[FN2]
Under CPL § 245.50 (1), the People must affirm in their COC that, "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information it has obtained subject to discovery." When the defense challenges the People's COC, this court will first examine the alleged discovery lapses individually to determine whether and to what extent the People failed to meet their discovery obligations. If the court finds any discovery violations, the court will then examine the violations in the context of "the totality of the [People's] efforts to comply with the provisions of [Article 245]" to determine whether the People nevertheless "exercised due diligence and acted in good faith" in discharging their duties (CPL 245.50 [5], [6]; see also People v Bay, 41 NY3d 200, 211 [2023]).
1. The People's Compliance with CPL § 245.20
CPL § 245.20 defines the People's discovery obligations before filing a COC. The People must "disclose to the defendant" several categories of "material and information in the possession, custody or control of the prosecution" (CPL 245.20 [1]). The defense specifically alleges that the People failed to timely provide several items that the defense claims are discoverable: an arrest report worksheet, an I-card, subpoena returns, witness information, a photograph of the crime scene, and police disciplinary records. 
The court will examine each of these alleged lapses in turn.
Arrest Report WorksheetThe defense argues that the People failed to produce an "Arrest Report Worksheet" discoverable under CPL § 245.20 (1) (e). In opposition, the People assert that the worksheet does not exist, and that they confirmed with the case detective that he did not complete the form. The court credits this representation and concludes that the worksheet does not exist. Therefore, its nondisclosure does not constitute a discovery violation.

I-Card & Subpoena Returns
The defense next argues that the People failed to produce an I-card and subpoena returns, both generated in the course of the pre-arrest police investigation and discoverable under CPL § 245.20 (1) (e). The People concede that these materials are discoverable but argue that the erroneous nondisclosure does not reflect negatively on their overall diligence.
The court disagrees. The People state that a file-sharing error corrupted a portion of the NYPD ECMS file. While the error does not appear to be the fault of the People, the failure to catch the error significantly undermines their claims of diligence. The People wrote in an email to the defense that, due to the file-sharing error, the People "only received about half of the files" from the NYPD (def motion, Ex. M). While the People assert that the "corruption was not readily apparent on the face of the documents" (People's memorandum of law, p. 11), the failure to notice that half of the ECMS file was missing strongly suggests that the People did not review the material with sufficient diligence prior to filing their COC. 

Witness Information
The defense next argues that the People failed to produce witness information for two members of the Columbia University security staff, discoverable under CPL § 245.20 (1) (c). The People respond that a phone number for the Columbia University security office was adequate contact information for both witnesses and was provided on August 12, 2025, the day before they filed their COC. The defense does not deny that they received that phone number or argue that it is not adequate contact information for the witnesses. Thus, the People have satisfied their discovery obligations with respect to CPL § 245.20 (1) (c).

Crime Scene Photograph
The defense next argues that the People failed to produce a photograph that a police officer took of the statue covered in paint, discoverable under CPL § 245.20 (1) (h). The People do not contest that the photograph is discoverable. Rather, they argue that the photograph is duplicative of the images of the statue captured in the officer's BWC video and, therefore, that the defendant did not suffer any prejudice from the lapse.
It is true that the photograph shows little if anything that was not captured in the BWC video, and the defense has not articulated any prejudice. Nevertheless, the lapse militates against a finding of due diligence. The People concede that it is clear in the BWC video that the officer took a photograph, and they also state that they were unaware that the photograph existed. The court takes these representations as a tacit admission that the People did not watch the BWC footage before filing their COC. BWC footage often contains information pointing toward additional discoverable material, and failing to review it before filing a COC is a significant negative factor in assessing the People's overall diligence.

Police Disciplinary Records
Finally, the defendant argues that the People failed to produce all materials in their possession discoverable under CPL § 245.20 (1) (k) (iv). Specifically, the defense argues that documents related to several IAB matters and civil lawsuits should have been produced before the People filed a COC. In response, the People argue that the civil litigation materials were not in their possession and thus not automatically discoverable, and that they exercised due diligence with respect to the outstanding IAB materials.[FN3]

As to the civil litigation materials, the People are correct. The materials the defense claims are discoverable — the complaint, answer, deposition transcripts, and dispositions — are not in the "possession, custody or control of the prosecution or persons under the prosecution's direction or control" and therefore are not automatically discoverable (CPL 245.20 [1]). Once the People sought and obtained records related to the lawsuits, they were required to produce them, but they were not required to obtain and produce the records prior to filing a COC. 
However, the People's account of their efforts with respect to the IAB materials does not support a finding of due diligence. On August 5, 2025, the People submitted a general request for law enforcement disclosure materials. The next day, the People reviewed the materials they [*3]received in response to their request and determined that certain discoverable IAB materials had not been produced. On August 11, 2025, the assigned ADA contacted the Law Enforcement Disclosure group ("LED group") of the District Attorney's Office to request expedited production of the outstanding materials. On August 13, 2025, the ADA confirmed with the LED group that the request had been submitted to NYPD. (It is not clear when the request was submitted or whether NYPD responded in any way to the request.) Rather than awaiting a response or following up with NYPD, the People filed their COC that same day and noted in the COC that the IAB materials were outstanding. The People cannot say that they have made "reasonable inquiries and efforts to obtain" discoverable material when the material is in their constructive possession and they have not, at minimum, (1) allowed sufficient time for their normal discovery procedures to bring that material into their actual possession, and (2) determined why the normal procedures were not producing results (see CPL 245.50 [1]). It is the People's responsibility "to ensure that a flow of information is maintained" between the NYPD and the People (CPL 245.55 [1]). When this flow of information is impeded, then, due diligence requires the People to take steps to address it. Filing a COC in these circumstances effectively absolves the People of this responsibility and is thus contrary to their statutory obligations. 
2. The People's Diligence and Reasonableness
The court will therefore consider the People's discovery violations in context of their overall diligence. Even where the People have not satisfied all of their discovery obligations, their COC will not be invalidated where they have "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the material" (CPL 245.50 [6]; see also Bay, 41 NY3d at 211). In determining whether the People acted with due diligence, the court must consider:
[T]he efforts made by the prosecutor to comply with [their discovery obligations]; the volume of discovery provided and the volume of discovery outstanding; the complexity of the case; whether the prosecutor knew that the belatedly disclosed or allegedly missing material existed; the explanation for any alleged discovery lapse; the prosecutor's response when apprised of any allegedly missing discovery; whether the belated discovery was substantively duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without court intervention; and whether the prosecution's delayed disclosure of discovery was prejudicial to the defense or otherwise impeded the defense's ability to effectively investigate the case or prepare for trial.(CPL § 245.50 [5] [a]; see also Bay, 41 NY3d at 212). 
On balance, this court concludes that the People did not exercise due diligence prior to filing their April 13, 2025 COC. 
This is not an especially complex case, involving only a single incident of misdemeanor-level property damage, though the extent of the investigation prior to the defendant's arrest adds to its complexity. 
The People's efforts to obtain discoverable material were prompt, but they were insufficient. Seemingly in a rush to certify, the People seem not to have sufficiently reviewed the discovery they obtained, including BWC footage and the ECMS file — important materials that often point to additional discovery. The People also should have taken additional steps to obtain the outstanding IAB materials before filing their COC. 
While the People appear to have disclosed a significant amount of discovery prior to filing their COC, they concede that belatedly disclosed material in the ECMS file contained information that was both significant and not duplicative. The People also have not provided sufficient detail about the belatedly disclosed IAB material for the court to determine their significance. Because it is the People's burden to demonstrate diligence (see Bay, 41 NY3d at 213), the insufficient record on this point cuts against them.
Next, the People's response when apprised of allegedly missing discovery was wanting. The People were unresponsive for almost a month while defense counsel alerted them repeatedly of alleged discovery violations. The defense first emailed the People on August 27, 2025, then followed up on September 3, September 9, and September 16, 2025. The People did not respond substantively until September 22, 2025, and they do not offer any explanation for the delay. The People were diligent once they belatedly engaged with the defense. Every discovery violation was remedied prior to the filing of the defendant's motion. 
Finally, the defense has not identified any prejudice beyond what is inherent in delayed disclosure. Prejudice, of course, is only one factor in the court's analysis, and the absence of prejudice is not determinative (CPL 245.50 [5] [b]). 
On balance, and considering all of the factors set forth in CPL § 245.50 (5) (a), the court finds that the People had not "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the material required to be disclosed pursuant to [CPL § 245.20]" prior to filing their August 13, 2025 COC (CPL 245.50 [6]). The defendant's motion to deem the People's COC invalid is therefore GRANTED. 
3. The People's SCOCs
The defense has not moved to challenge the People's SCOCs. The defense notice of motion only requests that the court "[f]ind[] that the . . . [COC] served on August 13, 2025, was not valid" (def notice of motion, p. 1), and the defense affirmation and memorandum of law consistently argue that "the prosecution's COC" — singular, not plural — "was not valid" (aff of defense, p. 16). Accordingly, the People's opposition focuses on their efforts to obtain and produce discovery prior to the filing of the August 13, 2025 COC. Yet in their reply memorandum, the defense asks the court to rule that all of the People's SCOCs except the last were invalid.
The defense challenge to the People's SCOCs is not properly before this court (see CPL 245.50 [4] [a], [c] [requiring that a challenge to an SCOC be made by motion]). This is not merely a technical defect in the notice of motion. Rather, the substance of the defense motion is the challenge to the People's initial COC, and the People's opposition seems to have been written with the understanding that they were only defending the August 13, 2025 COC. Ruling on the merits of the challenge to the People's SCOCs in these circumstances would be prejudicial to the People.
The court declines the request to invalidate the People's SCOCs without a motion requesting such relief, and the court expresses no opinion about the validity of any SCOC filed in this case.
III. The Parties' CPL § 30.30 ArgumentsThe defense has not moved to dismiss this case or for any other relief under CPL § 30.30. Nevertheless, the People in opposition set forth their speedy trial calculations. In reply, the defense sets out their own calculations, stating that they are not requesting dismissal but "seek[ing] only a fair accounting of the chargeable days in this case" (def reply, p. 2). 
Because the defendant has not requested any relief under CPL § 30.30, the disagreement between the parties regarding chargeable time is not ripe for judicial resolution. Nothing in the [*4]Criminal Procedure Law authorizes a criminal court to issue a formal advisory opinion regarding the amount of speedy trial time chargeable to the People absent a request for relief.
For the reasons above, the motion challenging the People's August 13, 2025 COC is GRANTED. This constitutes the decision and order of the court.
Dated: January 23, 2026New York, NYIlona B. Coleman, J.C.C.

Footnotes

Footnote 1:It is not clear whether the error occurred when the NYPD shared the file with the People or when the People shared the file with the defense.

Footnote 2:The defense does not specifically challenge any of the SCOCs (see def notice of motion, p. 1), and in their reply, the defense concedes that the final SCOC was valid (def reply, p. 2).

Footnote 3:The People claimed in conferral emails that certain IAB materials were not discoverable, but they do not press that argument in their opposition. As the People do not put forth any basis for finding the materials non-discoverable, the court concludes that they are automatically discoverable under CPL § 245.20 (1) (k) (iv).