People v Morris (2026 NY Slip Op 50369(U))

[*1]

People v Morris

2026 NY Slip Op 50369(U) [88 Misc 3d 1238(A)]

Decided on March 16, 2026

Criminal Court Of The City Of New York, Bronx County

Goodwin, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 16, 2026
Criminal Court of the City of New York, Bronx County

The People of the
State of New York,

againstS. Morris, Defendant.

Docket No. CR-031314-25BX

FOR THE DEFENSE: Vanessa Garcia, The Legal Aid SocietyFOR
THE PEOPLE: Bronx ADA Esther Klein

David L. Goodwin, J.

Pending is the defense's counseled omnibus motion. It is resolved as follows. As the parties
are the primary audience, familiarity with the case is assumed.
The branch seeking to invalidate the original COC is granted, and both it and the
first SCOC are invalidated, but the request for dismissal is denied.
This case commenced November 14, 2025, when the complaint was filed with the court. The
People declared ready and filed their certificate of compliance (COC) on December 24, 2025,
which was 40 days later. This motion was filed January 28, 2026, or 75 days after
commencement.
In the motion, the defense sought to invalidate the People's original COC, in part because the
People's January 2 SCOC supported the inference that the original December 24, 2025 COC was
invalid. See Defense's Notice of Motion ¶ 1. The defense alleged that the People
had failed to turn over numerous documents, including body-worn camera footage and 911
materials.
As an initial matter, the People respond that the defense's attempts at conferral were
inadequate because the defense sent a single email on January 14, received an out-of-office
bounce-back reflecting that the assigned would return on January 20, but took "no further action"
afterwards. People's Resp. Mem. at 18; see also Defense's Mot., Ex. C at 1—2
(reproducing the January 14 email and same-day bounce-back that reflected a January 20 return).
Assuming without deciding that inadequacy of conferral can be grounds for denial of the
defense's motion, the record reflects that the People responded on January 22 to convey the
People's offer in the case. Defense's Mot., Ex. D at 1. This motion, meanwhile, was filed January
28—the statutory due date, 35 days after the COC was filed. See C.P.L. §
245.50(4)(c). As the defense's email was reasonably comprehensive and thorough, the defense
cannot be faulted for assuming that the ball was in the People's court, especially after the January
22 offer email did not mention the defense's inquiry about missing discovery.
On the merits, the contested materials encompass (1) CVAB notes, (2) body-worn camera
footage and associated materials, (3) arrest photos, (4) 911 calls and radio runs, (5) the ZOLPA,
(6) IAB log attachments, (7) the event chronology/Sprint report for the 911 call and [*2]radio runs, (8) voucher/chain of custody reports, and (9) a color
photo of the complainant's injuries. Defense's Mot. at 9—10.
The People shared the missing CVAB notes on January 2 (i.e., after declaring ready). And
while the People have since shared color photos of the complainant's injuries, the 911 calls and
radio run, and body-worn camera footage and related materials, see Defense's Reply at
7—8, the defense is correct that the record is not as clear as it should be that the 911
materials and body-worn camera materials were initially shared back in December. As the
defense points out, see Defense's Reply at 8, the relevant exhibit from the People's
supplemental affirmation shows that the People had at least some of the footage, but does
not clearly reflect timely disclosure on the defense; the corresponding 911 exhibit refers to an
original share date but does not show proof of that date. See People's Supp. Aff., Ex. A at
1, Ex. C at 1.[FN1]
The arrest photos, IAB attachments, pre-arraignment report, event chronology/sprint report,
ZOLPA, and vouchers/chain of custody reports remain outstanding and largely unaccounted for,
and are generally not addressed in the People's response.
These omissions, when considered in tandem with the remaining C.P.L. § 245.50(5)(a)
factors—in particular, the simplicity of the case, the adequate-but-not-overwhelming
amount of discovery provided, the centrality of the missing material, the ambiguity of the
People's timely disclosure, and the documented outreach efforts—support a finding that
the People did not exercise the appropriate diligence before filing the initial COC. Accordingly,
it is deemed invalid.
Although the defense does not directly challenge the People's January 2 SCOC, that SCOC
was available at the time this motion was filed, the defense asks for "such other relief as this
Court may deem proper," Defense's Notice of Motion ¶ 14, and the record is largely the
same for both the initial COC and the SCOC. Accordingly, the SCOC is also deemed
invalid.
But the most-recent SCOC, filed February 25, 2026—after the correction of the
most-significant potential omissions discussed above, and accompanied by a new statement of
readiness—has not been directly challenged and was not available at the time of
the original motion. The defense's counseled reply, meanwhile, is not fairly read as an attempt to
bring a new challenge to the most-recent SCOC. Accordingly, there is no need to assess its
validity. Cf. People v.
Lodgson-McCray, 88 Misc 3d 1212(A), 2025 NY Slip Op. 52158(U), at *3 (N.Y.C.
Crim. Ct., NY Co. 2026) (Coleman, J.) (declining to reach the validity of SCOCs that were not
challenged in the defense's motion).
Meanwhile, the People specifically invoked the C.P.L. § 30.30(4)(a) exclusion for
pre-trial motions in their response. See People's Resp. at 20—21. That exclusion
requires a court to omit from the accrued statutory speedy trial time "a reasonable period of delay
resulting from," among other things, "pre-trial motions" and "the period during which such
matters are under consideration by the court." C.P.L. § 30.30(4)(a). The defense's reply does
not mention this issue. See People v.
Allard, 28 NY3d 41, 46 (2016) ("A defendant's challenges to the People's claimed
exclusions may be raised in a reply filing . . . ."); People v. Jimenez-Gomez, 198 AD3d
[*3]443, 444 (1st Dept. 2021) (concluding that a § 30.30
claim was not preserved when the defense "did not, by way of a reply or otherwise, challenge the
People's specifically claimed exclusions"). Accordingly, any argument in opposition has been
forfeited.
With the statutory exclusion, there is no apparent basis to conclude that over 90 days have
elapsed since commencement. Dismissal is thus not warranted.
The People are nevertheless ordered to continue their attempts to obtain and
disclose all remaining contested discovery, including the IAB attachments, which they are
ordered to disclose as an exercise of the Court's discretion.
A Wade/Rodriguez hearing is ordered out of an abundance of
caution; while the People persuasively argue that the identification (1) was not police-arranged
and (2) was confirmatory, it may be better to test this allegation at a short pretrial hearing. The
request for a Dunaway hearing is denied because there is no actual allegation
that the arrest was unlawful or effected without probable cause—the defense asks to
suppress the evidence as the fruit of an unlawful seizure, but does not explain why the seizure
was unlawful—and the People make a sworn record otherwise. See People's Resp.
Aff. ¶¶ 4—9.
The Brady/Villardi specific requests are struck and will not be
considered. Any Sandoval/Molineux/Ventimiglia issues are reserved for
the trial court. Any requests for relief not specifically mentioned are denied.
Dated: March 16, 2026Bronx, NYDavid L. GoodwinJudge of the
Criminal Court

Footnotes

Footnote 1:The People affirm that they
shared the material on December 16. See People's Supplemental Aff. 1—2. But the
People rely on the exhibits as their source for that assertion. While there is no reason to doubt the
veracity and candor of the People, the exhibits do not quite meet the People's burden in the
particular context of this case.